UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEVERLY A. FIELDS,                      :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  :   Civil Action No. 04-0717 (JR)
                                        :
OFFICE OF EDDIE BERNICE JOHNSON,        :
                                        :
        Defendant.                      :

**MEMORANDUM**

Plaintiff is an African-American female and former chief of staff for Congresswoman Eddie Bernice Johnson. She accuses Congresswoman Johnson – the first African-American female to represent Dallas, Texas, in Congress – of race and gender discrimination. She asserts claims of unequal pay, disparate treatment, and retaliation for her opposition to the firing of another African-American female. Before the Court is defendant's motion for summary judgment.

A motion for summary judgment will be granted where the papers on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). While "all justifiable inferences are to be drawn in the [non-movant's] favor," id. at 255, the opposition must consist of more than mere unsupported allegations or denials. What is required is specific evidence showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex

Corp. v. Catrett, 477 U.S. 317 (1986).  In addition, the non-movant must provide evidence that would permit a reasonable jury to find in her favor.  Laningham v. United States Navy, 813 F.2d 1236, 1241 (D.C. Cir. 1987).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249-50 (citations omitted).

For the reasons set forth below, I have concluded that the uncorroborated and self-serving statements of plaintiff herself, upon which she chiefly relies, do not raise genuine issues of material fact, and that plaintiff has not met the challenge presented by defendant's motion for summary judgment.  The motion will accordingly be granted.

**A.  Unequal pay claim**

Plaintiff was the highest paid employee in Rep. Johnson's office at all times during her employment.  She nevertheless alleges that, when her pay is compared to that of the legislative director, it was unequal.  Even if that allegation is well-founded, however, her claim must be dismissed, because it is untimely.

The congressional equivalent of the Equal Pay Act is found at 2 U.S.C. §§ 1401 et seq.  The jurisdiction of the district courts over such actions is expressly premised on the employee's having completed counseling and mediation.  Id.

§ 1408(a). The statute further requires that counseling be requested within 180 days after the date on which the alleged discriminatory conduct occurred. Id. § 1402(a). Plaintiff did not file a timely request for counseling.

The factual basis of plaintiff's pay claim is the allegedly disparate raises she and the legislative director received in 2003. The defense asserts that these raises happened in May of 2003.[1] The plaintiff obliquely responds that the raises were "effective" in the "Summer" of 2003, and that she "contacted" the Office of Compliance in "October-November 2003 about filing her claims," but that "the paperwork was not completed until the early part of December 2003." Plaintiff's representations about the relevant dates are vague and self-serving. The record establishes that the date of the pay raises was no later than the end of May 2003, and that counseling was requested no earlier than mid-December 2003 – when more than 180 days had elapsed.

**B.  Disparate treatment claim**

Plaintiff appears to allege disparate treatment with respect to her termination and the conditions of her employment

---

[1] Defendant's submissions do not appear consistent in this regard. Compare Motion for Summary Judgment [Dkt. 52] at 17 (March) with id. at 17 n. 92 (May). The documentary evidence appears to substantiate the May date. See Inman Declaration [Dkt. 52, Exhibit 1] at ¶¶ 8-10. Even using the May date, however, the complaint is untimely.

before she was fired.  These disparate treatment claims fail, however, because plaintiff has neither adduced direct evidence of discriminatory intent, see Holbrook v. Reno, 196 F.3d 255, 260 (D.C. Cir. 1999), nor shown that she could prevail under the burden shifting framework of McDonnell Douglas, 411 U.S. 792 (1973).

Plaintiff alleges that Rep. Johnson made derogatory statements about black employees and laudatory statements about Asian and white employees.[2]  See Fields Deposition [Dkt. 53, Exhibit 6] at 79-84, 281-83.  She offers no evidence to support these charges except her own testimony, and she has produced no corroboration of her story, notwithstanding her assertion that these alleged statements were overheard by others, directed towards others, and complained about by others.  Id. at 79-84.  Self-serving testimony does not create genuine issues of material fact, especially where that very testimony suggests that corroborating evidence should be readily available.[3]

Plaintiff's claim that she alone was made to do the congresswoman's chores, even if it is a claim of race and gender discrimination by disparate treatment, is wholly uncorroborated.

---

[2]  The alleged statements include that: "black staffers are lazy," "white staffers have a better work ethic," and "Asian staffers are subservient, smarter."

[3]  See, e.g., Chung v. Washington Metro. Area Trans. Auth., 2007 WL 1154084 at *3 (D.D.C. Apr. 18, 2007); Al-Mahdi v. D.C. Pub. Schs., 2005 WL 3272075 at *5 (D.D.C. Dec. 2, 2005).

There is a statement from another person to the effect that he witnessed her cleaning on one occasion, but that very same statement suggests that others were made to do chores as well, such as having the congresswoman's car serviced and filled with gas.  Stewart Declaration [Dkt. 56, Exhibit 5] at ¶¶ 15-16.

If plaintiff is to proceed without direct evidence to support a claim of discrimination, she must establish a prima facie case and then, if the defendant proffers nondiscriminatory reasons for the adverse action complained of, offer evidence of pretext.

Plaintiff has failed to establish a prima facie case of disparate treatment in her work conditions because she has not identified an appropriate comparator.  She was the chief of staff.  Even if she had adduced evidence other than her own testimony showing that she had to stay later, work harder, and take leave less often than employees of other races and genders, such proof would not, without more, amount to a prima facie case of disparate treatment.  A comparator is necessary and the standards for similarity are high.  See, e.g., Holbrook, 196 F.3d at 261-62.  Plaintiff has failed to identify anyone similarly situated against whose experience her alleged mistreatment can be compared.  See also Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1514 (D.C. Cir. 1995).

As to plaintiff's claim that her demotion and firing were discriminatory: she has not refuted Congresswoman Johnson's proffered legitimate, nondiscriminatory reasons with any evidence of pretext.  The congresswoman's proffered reasons for demoting and then terminating Ms. Fields are that the staff complained about her behavior, that her behavior was unprofessional, that she lied to the congresswoman, and that an independent investigation revealed that office morale was low and the staff mismanaged during her tenure as the chief of staff.  See <u>Reistrup Declaration</u> [Dkt. 53, Exhibit 12], <u>Smith Declaration</u> [Dkt. 53, Exhibit 5], <u>Hamlett Declaration</u> [Dkt. 53, Exhibit 7], <u>Gokcigdem Declaration</u> [Dkt. 52, Exhibit 3], <u>Kircher Declaration</u> [Dkt. 53, Exhibit 13].  Rather than offer evidence of pretext, plaintiff – herself – simply avers that these declarations are not credible.  In the face of a motion for summary judgment, that simply will not do.

**C.  Retaliation claims**

Plaintiff has made two retaliation claims – that she was demoted for opposing what she believed was the discriminatory firing of another staff member, Ms. Howie, and that she was fired for filing a discrimination complaint with the Office of Compliance.  Both claims founder on the requirement that a plaintiff prove some causal connection between the protected

activity and an adverse employment action.  See, e.g., Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999).

Plaintiff's offer to prove the necessary causal connection on her claim of retaliatory termination is actually refuted by an intervening event that completely explains the decision to fire her.  See Paquin v. Federal Nat'l Mortgage Assoc., 119 F.3d 23, 32 (D.C. Cir. 1997) (noting that intervening events can refute a causal link between protected activity and adverse employment action).  Between the filing of the plaintiff's discrimination complaint and her termination, an independent investigation of the office revealed that office morale was low and that the office staff was mismanaged and failing to function as a team.  Kirchner Declaration [Dkt. 53, Exhibit 13] at ¶ 5.  Plaintiff asserts that this investigation was "bogus" and initiated in bad faith, but she offers no evidence for that claim except her own words.  On the other side, defendant has presented the declarations of a number of office workers who complained about plaintiff's behavior – including the insensitive racial comments by plaintiff herself that ultimately led to the investigation at issue.  See Reistrup Declaration [Dkt. 53, Exhibit 12], Smith Declaration [Dkt. 53, Exhibit 5], Hamlett Declaration [Dkt. 53, Exhibit 7], Gokciqdem Declaration [Dkt. 52, Exhibit 3], Kircher Declaration and Attached Exhibits [Dkt. 53, Exhibit 13].  Even if the initiation of an independent

investigation could be an adverse employment action – which it cannot, see <u>Ware v. Billington</u>, 344 F. Supp. 2d 63, 76 (D.D.C. 2004) – plaintiff offered no proof that this investigation was initiated in bad faith or in response to her discrimination complaint.

Plaintiff's final plaint is that she was retaliated against when she was demoted for opposing the discriminatory firing of the scheduler, Ms. Howie. This claim fails because plaintiff has established neither that she actually opposed the firing of Ms. Howie nor that her employer knew that she opposed it.

Once again, plaintiff's claim finds support only in her own testimony. She states in her most recent affidavit that she told "Employment Counsel" for the defendant that she opposed the firing and that she would not lie to protect the congresswoman. She further claims that this information "got back" to the congresswoman and that this resulted in a series of negative actions against her. <u>Fields Affidavit</u> [Dkt. 56, Exhibit 1] at ¶¶ 28-30. But it was plaintiff who actually carried out Ms. Howie's firing. She failed to oppose the action in any formal manner, and she recommended Ms. Howie's replacement. Against those facts, which are undisputed, plaintiff's uncorroborated and self-serving affidavit will not create a genuine issue of material fact as to whether she opposed

Ms. Howie's termination as discriminatory- or, more importantly for a retaliation claim, whether her employer was on notice of the protected activity.

    An appropriate order accompanies this memorandum.


                                      JAMES ROBERTSON
                            United States District Judge